IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| IN RE | ) |
| | ) |
| MEIR WERBER and | ) CASE NO. 04-42431-H3-7 |
| LINDA M. WERBER, | ) |
| | ) |
|     Debtors, | ) |
| | ) |
| MAURICE TZORFATI, | ) |
| | ) |
|     Plaintiff, | ) |
| v. | ) ADV. NO. 04-3970 |
| | ) |
| MEIR WERBER, | ) |
| | ) |
|     Defendant. | ) |
| | ) |

MEMORANDUM OPINION

The court has considered the Motion for Summary Judgment (Docket No. 11) filed by Maurice Tzorfati. The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered granting the motion in part, and denying in part. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Meir Werber and Linda M. Werber ("Debtors") filed a voluntary joint petition under Chapter 13 of the Bankruptcy Code on September 2, 2004. The case was converted to Chapter 7 on

September 17, 2004.  David J. Askanase is the Chapter 7 Trustee.

Prior to the filing of the petition in the instant bankruptcy case, Maurice Tzorfati ("Plaintiff") filed suit in the United States District Court for the Southern District of Texas, against Meir Werber ("Defendant"), Shelomo Moussali, and Marlan Simon (the "District Court Case").  In the first amended complaint in the District Court Case, filed October 8, 2003, Plaintiff asserted causes of action against Defendant, Moussali, and Simon for conspiracy, assault and battery, terroristic threat, intentional infliction of emotional distress, false imprisonment, invasion of privacy/intrusion on seclusion, blackmail/extortion and threats, and negligence.  (Exhibit 1).

The District Court Case was tried to a jury, and the jury was instructed, with respect to Defendant, on questions of extortion, intentional infliction of emotional distress, and civil conspiracy.

The instruction on extortion given to the jury in the District Court Case states:

> Whoever, either verbally or by a written or printed communication, maliciously threatens to accuse another of any crime or offense, or by such communication maliciously threatens an injury to the person, property, or reputation of another, or maliciously threatens to expose another to disgrace, or to expose any secret affecting another, or to impute any deformity or lack of chastity to another, with intent thereby to extort money or any pecuniary advantage whatsoever, or with intent to compel the person so threatened, or any other person, to do any act or refrain from doing any act against his or her will,

>shall commit extortion.

The instruction on intentional infliction of emotional distress given to the jury in the District Court Case states:

>Intentional infliction of emotional distress occurs when the wrongdoer's conduct was 1) intentional or reckless, that is he intended the behavior when he knew or should have known that emotional distress would likely result; 2) the conduct was outrageous; 3) the conduct caused emotional distress; and 4) the emotional distress is severe.  Conduct is outrageous, that is, as to go beyond all bounds of decency, and to be regarded as odious and utterly intolerable in a civilized community.  Conduct is particularly outrageous where children or family members who have nothing to do with the relationship between a plaintiff and the tortfeasors are threatened with harm.

The instruction on civil conspiracy given to the jury in the District Court Case states:

>To be part of a conspiracy, Meir Werber, Shelomo Moussali and Marlan Simon must have had knowledge of, agreed to, and intended a common objective or course of action that resulted in the damages to Maurice Tzorfati.  Each of the persons involved in the conspiracy must have performed some act or acts to further the conspiracy.

(Exhibit 2).

The jury found against Defendant on the questions of extortion, intentional infliction of emotional distress, and civil conspiracy.  (Exhibit 2).

On August 6, 2004, the court entered judgment in the District Court Case.  The judgment, which was entered "in accordance with the jury's verdict and applicable law," awarded Plaintiff $57,000 in economic damages, $25,000 in damages for

physical pain and suffering, and $200,000 in damages for emotional distress or mental anguish against Defendant, Moussali, and Simon, jointly and severally.  The judgment also awarded Plaintiff $300,000 in punitive damages against Defendant.  The judgment did not differentiate the separate grounds on which judgment was entered (Exhibit 3).

In the instant adversary proceeding, Plaintiff seeks a determination that the actual and punitive damages awarded to Plaintiff against Defendant in the District Court Case are excepted from discharge, pursuant to Section 523(a)(6) of the Bankruptcy Code.  In the instant motion, Plaintiff seeks summary judgment determining that the judgment in the District Court Case precludes litigation of the dischargeability of the actual and punitive damages awarded to Plaintiff.

## Conclusions of Law

In Matter of Schwager, 121 F.3d 177 (5th Cir. 1997), the Fifth Circuit adopted the formulation for issue preclusion set forth in the Restatement (Second) of Judgments § 27:  If a judgment of a court of first instance is based on determinations of two issues, either of which standing independently would be sufficient to support the result, the judgment is not conclusive with respect to either issue standing alone.

Section 523(a)(6) excepts from discharge a debt "for willful and malicious injury by the debtor to another entity or

4

the property of another entity." An injury is "willful and malicious" where there is either an objective substantial certainty of harm or a subjective motive to cause harm. Miller v. J.D. Abrams Inc. (In re Miller), 156 F.3d 598 (5th Cir. 1998).

With respect to the instruction on extortion, each identified act which constitutes extortion requires elements of both willfulness and maliciousness.

With respect to the instruction on intentional infliction of emotional distress, recklessness is a sufficient basis for imposition of liability. The definition of recklessness in the instruction is consistent with the Fifth Circuit's definition of "willful and malicious" in Miller.

The instruction on conspiracy requires knowledge, agreement, and intent for a common objective or course of action that resulted in the damages.

In Kawaauhau v. Geiger, 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998), the Supreme Court held that the word "willful" in Section 523(a)(6) of the Bankruptcy Code modifies the word "injury," such that "nondischargeability takes a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." Kawaauhau, 118 S.Ct., at 976. Under the District Court's instruction on conspiracy, a "deliberate or intentional act that leads to injury," without either an objective certainty of harm or a subjective motive to cause harm,

5

is sufficient for a finding of liability.  Accordingly, the finding of conspiracy does not preclude litigation of the issue of dischargeability of the debt based on conspiracy.  The judgment in the District Court Case was based upon, and did not differentiate among, the grounds of extortion, intentional infliction of emotional distress, and civil conspiracy.  Thus, under <u>Schwager</u>, the judgment in the District Court Case does not stand to preclude litigation of the issue of dischargeability in the instant adversary proceeding.  However, the findings of the jury in the District Court case are entitled to issue-preclusive effect with regard to Plaintiff's causes of action for extortion and intentional infliction of emotional distress, and the award of damages.  The only issues remaining for trial are the question of whether the injury arising from Debtor's participation in the civil conspiracy found by the jury in the District Court Case was willful and malicious, and, if such injury was not willful and malicious, the apportionment of damages to each of the grounds on which judgment was granted in the District Court Case.

      Based on the foregoing, a separate Judgment will be entered granting in part and denying in part the Motion for Summary Judgment (Docket No. 11) filed by Maurice Tzorfati.

      Signed at Houston, Texas on September 19, 2005.

HONORABLE LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE