IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| IN RE | ) |
| | ) |
| MEIR WERBER and | ) CASE NO. 04-42431-H3-7 |
| LINDA M. WERBER, | ) |
| | ) |
|     Debtors, | ) |
| | ) |
| MAURICE TZORFATI, | ) |
| | ) |
|     Plaintiff, | ) |
| v. | ) ADV. NO. 04-3970 |
| | ) |
| MEIR WERBER, | ) |
| | ) |
|     Defendant. | ) |
| | ) |

<u>MEMORANDUM OPINION</u>

After the entry of partial summary judgment, the court has held a trial in the above captioned adversary proceeding. The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered in favor of the Plaintiff. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Meir Werber and Linda M. Werber ("Debtors") filed a voluntary joint petition under Chapter 13 of the Bankruptcy Code on September 2, 2004. The case was converted to Chapter 7 on September 17, 2004.

During 1998, Maurice Tzorfati ("Plaintiff"), David Ganz, and Shelomo Moussali organized a business, with the intention of arranging private airline flights between New York, New York and Tel Aviv, Israel, featuring onboard gambling. Ganz, Moussali, and Plaintiff each agreed to contribute funds for a feasibility study of the airline casino project. (Plaintiff's Exhibit 4).

During 2000, Meir "Mike" Werber provided $47,000 for the airline casino project. Werber[1] testified that he provided a series of cashier's checks to Moussali, and Moussali then forwarded the checks to Plaintiff. He testified that his investment was guaranteed by Moussali. Plaintiff provided to Werber a document, which Werber described as a promissory note.[2]

By 2002, Werber had concluded that his investment would not bear fruit, and he sought to obtain the return of the money

---

[1] Reference to "Werber" in this opinion are to Meir "Mike" Werber, unless specifically identified as to "Linda Werber." Linda Werber appeared and testified, pursuant to a subpoena.

[2] The "note" is in evidence. (Defendant's Exhibit 2). The court makes no finding as to whether the purported note is in fact a promissory note.

2

he had provided. During June, 2002, Werber, Moussali, and Marlan Simon (the manager of one of Werber's Houston bars), traveled by car from Houston, Texas to Biloxi, Mississippi, and then to Miami, Florida, where Plaintiff resided. Werber testified that Moussali had told Werber that Moussali knew where to find Plaintiff. They unsuccessfully tried for several days to find Plaintiff. Werber left his car with Moussali and Simon, and flew back to Houston. Shortly thereafter, Moussali and Simon found Plaintiff, at the office of his attorney, and seriously assaulted and battered Plaintiff. (Plaintiff's Exhibit 4).

Plaintiff filed suit in the United States District Court for the Southern District of Texas, against Werber, Moussali, Simon (the "District Court Case").

The District Court Case was tried to a jury, and the jury found against Defendant on the questions of extortion, intentional infliction of emotional distress, and civil conspiracy.

The District Court entered judgment awarding Plaintiff $57,000 in economic damages, $25,000 in damages for physical pain and suffering, and $200,000 in damages for emotional distress or mental anguish against Defendant, Moussali, and Simon, jointly and severally. The judgment also awarded Plaintiff $300,000 in punitive damages against Defendant. The judgment did not apportion the awards to Plaintiff among the separate grounds of

extortion, intentional infliction of emotional distress, and civil conspiracy on which judgment was entered.

In the instant adversary proceeding, Plaintiff seeks a determination that the actual and punitive damages awarded to Plaintiff against Defendant in the District Court Case are excepted from discharge, pursuant to Section 523(a)(6) of the Bankruptcy Code.

Plaintiff previously filed a motion for summary judgment in the instant adversary proceeding. This court held:

> Under the District Court's instruction on conspiracy, a "deliberate or intentional act that leads to injury," without either an objective certainty of harm or a subjective motive to cause harm, is sufficient for a finding of liability. Accordingly, the finding of conspiracy does not preclude litigation of the issue of dischargeability of the debt based on conspiracy.

(Docket No. 26, at p. 5-6).

This court granted partial summary judgment:

> [T]he findings of the jury in the District Court case are entitled to issue-preclusive effect with regard to Plaintiff's causes of action for extortion and intentional infliction of emotional distress, and the award of damages. The only issues remaining for trial are the question of whether the injury arising from Debtor's participation in the civil conspiracy found by the jury in the District Court Case was willful and malicious, and, if such injury was not willful and malicious, the apportionment of damages to each of the grounds on which judgment was granted in the District Court Case.

(Docket No. 26, at p. 6).

Werber testified that, at the inception of the automobile trip with Moussali and Simon, he intended to go to

4

Biloxi to gamble, and did not expect to go to Florida to confront Plaintiff. However, Werber admitted that he took a copy of the note with him. He did not take papers on other business matters.

Werber testified that he had known Simon for approximately eleven years. He testified that Simon is approximately six feet, three inches tall, and weighs approximately 200 pounds. He testified that Simon had worked for him in bars, as manager of a bar, and as a driver.

Werber testified that Moussali was his best friend, and that he had known Moussali for 35 years, but had been close friends for approximately eight to ten years.

Werber testified that Moussali, who lived in Israel, often stayed in Werber's home. He testified that Moussali traveled to Houston approximately twice per year, and stayed in Werber's home each time.

Linda Werber testified that Moussali stayed in the Werbers' home immediately prior to the June, 2002 trip to Biloxi and Miami. She testified at the trial of the District Court Case, that the purpose of the trip was to go to Florida to see whether Werber, Simon, and Moussali could get some money from Plaintiff. (Transcript of Jury Trial, Tzorfati v. Werber, C.A. No. 02-4946, Aug. 2, 1994, p. 3-9). She testified that Simon had never traveled with Werber before the June, 2002 trip.

5

Werber testified that, after Simon and Moussali assaulted Plaintiff, Simon was arrested.  Werber testified that he provided Simon's bail, paid for Simon's attorney, and that Simon continued to work for him after the arrest.  Linda Werber testified that Simon continued to be paid by Werber until August, 2003.

## Conclusions of Law

An injury is "willful and malicious" within the meaning of Section 523(a)(6) of the Bankruptcy Code where there is either an objective substantial certainty of harm or a subjective motive to cause harm.  Miller v. J.D. Abrams Inc. (In re Miller), 156 F.3d 598 (5th Cir. 1998).

As applied to the instant case, the issue regarding whether the award in the District Court Case was for a willful and malicious injury involves a determination of whether Werber's participation in the conspiracy was willful and malicious.

In the instant case, Werber's actions indicate an objective substantial certainty of harm.  Werber traveled with Moussali (his best friend), and another disgruntled investor in the airline casino project, and with Simon, his large and physically intimidating employee with whom he otherwise did not travel or socialize, with a stated purpose of getting money from Plaintiff.  Although Werber did not personally assault Plaintiff, his actions indicate that he intended that the physical force of

his friends be brought to bear for the purpose of collecting money he believed Plaintiff owed him.  The court concludes that Werber's participation in the conspiracy with Moussali and Simon caused the willful and malicious injury to Plaintiff.  Thus, the court concludes that the entirety of the award in the District Court Case is excepted from discharge pursuant to Section 523(a)(6) of the Bankruptcy Code.

Based on the foregoing, a separate Judgment will be entered in favor of the Plaintiff.

Signed at Houston, Texas on March 2, 2006.

_____
LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE